1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA FORDYCE, A.K.A. BRITTANY FORDYCE,

Plaintiff,

v.

HEATHER SHIRLEY, et al.,

Defendants.

No.  1:25-cv-00106 GSA (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

(ECF No. 14)

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a request for the appointment of counsel.  ECF No. 14.  For the reasons stated below, the motion will be denied.

I.      MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, he states, in relevant part, that he is confused about how to show that he is entitled to relief because Wasco State Prison lost his personal property.  ECF No. 14 at 1.  He also states that he is "[on] an emotional rollercoaster" due to prison officials' torment and games they have played regarding his property. Id. at 3.

1

1    II.    DISCUSSION

2        A.  Applicable Law

3    District courts lack authority to require counsel to represent indigent prisoners in section

4    1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

5    circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

6    U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

7    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

8    circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

9    well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

10   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

11   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

12   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

13   legal education and limited law library access, do not establish exceptional circumstances that

14   warrant a request for voluntary assistance of counsel.

15       B.  Findings

16   Plaintiff may have a viable cause of action against the correctional officers at Wasco State

17   Prison for the loss of his property.  However, neither Plaintiff's confusion regarding how to state

18   a viable claim regarding his lost property, nor the fact that Plaintiff is experiencing anxiety based

19   on how prison officials are handling the matter constitute exceptional circumstances that warrant

20   Plaintiff being appointed counsel.  This is primarily because these facts do not sufficiently

21   establish that Plaintiff is unable to state his claims in a satisfactory manner.  For this reason,

22   having considered the factors under Palmer, the Court finds that plaintiff failed to meet his burden

23   of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

24   Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of

25   counsel (ECF No. 14) is DENIED without prejudice.

26

27   IT IS SO ORDERED.

28   Dated:  __February 5, 2025__            _____/s/ Gary S. Austin_____

2

1                                                    UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28