UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORDYCE, A.K.A., BRITTANY FORDYCE,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER SHIRLEY, et al.,<br><br>Defendants. | No. 1:25-cv-00106 GSA (PC)<br><br>ORDER ACKNOWLEDGING RECEIPT OF PLAINTIFF'S NOTICE (LETTER) TO COURT DOCKETED MARCH 12, 2025<br><br>(ECF No. 21)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, HER FIRST AMENDED COMPLAINT STILL DUE **APRIL 8, 2025**<br><br>(See ECF No. 20) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is a notice (letter) filed by Plaintiff and docketed on March 12, 2025. ECF No. 21. For the reasons stated below, the Court herein acknowledges receipt of the notice. The Court will also reiterate to Plaintiff that consistent with the order docketed on March 10, 2025 (see ECF No. 20), Plaintiff's showing of cause, or, in the alternative, her first amended complaint is still due thirty days from the date on that order.

1

I.     RELEVANT FACTS

On March 10, 2025, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order. ECF No. 20. As an alternative to filing the showing of cause, Plaintiff was also given the option of filing a first amended complaint. Id. at 2. Plaintiff has been given thirty days to take either course of action. Id.

On March 12, 2025, a notice (letter) filed by Plaintiff and dated March 6, 2025, was docketed. See ECF No. 21 at 6 (signature date). In it, Plaintiff states that the reason she is writing it is to show the Court that she has done everything in her power "to show the Court that [she has] tried to seek a peaceful revolution [sic] to exhast [sic] remedy." Id. at 1 (brackets added) (errors in original). The letter then goes on to discuss the fact that Plaintiff's property was lost during a move; that her jaw was broken, and other matters. See generally ECF No. 21.

II.     DISCUSSION

Given the March 6, 2025, signature date on Plaintiff's letter (see ECF No. 21 at 6), and the March 9, 2025, date that the Court's order was signed (see ECF No. 20 at 2), it appears that these documents have crossed in the mail. The Court herein acknowledges Plaintiff's notice, and it notes that it was written before the Court issued the outstanding order to show cause. As a result, the Court does not consider the notice a first amended complaint. Therefore, either Plaintiff's showing of cause, or her first amended complaint, is still due thirty days from the date of the Court's order to show cause: on April 8, 2025. Given that Plaintiff may opt to file the first amended complaint, the Clerk of Court will be directed to send Plaintiff another copy of the Court's Civil Rights Complaint By a Prisoner form.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff another copy of the Court's Civil Rights Complaint By a Prisoner form. Plaintiff is encouraged to use it.

2. The Court ACKNOWLEDGES receipt of Plaintiff's notice (letter) filed with the Court and docketed on March 12, 2025 (see ECF No. 21), and

1          3. The Court's order which directed Plaintiff either to show cause why this matter should

2   not be dismissed or, in the alternative, to file a first amended complaint (see ECF No. 20) still

3   stands.  Plaintiff shall take either course of action[1] no later than April 8, 2025.

4

5   IT IS SO ORDERED.

6       Dated: __**March 13, 2025**__               __**/s/ Gary S. Austin**__
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff fail to file an amended complaint, the Court will presume that Plaintiff wishes to stand on her original complaint (ECF No. 1), which the Court has already determined fails to state a claim upon which relief may be granted (see ECF No. 10) (screening order).  Plaintiff may also choose to voluntarily dismiss this matter. See Fed. R. Civ. P. 41(a)(1)(A)(i).