1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA FORDYCE,[1]                     No.  1:25-cv-00106 GSA (PC)
     A.K.A. BRITTANY FORDYCE
12                                          ORDER AND FINDINGS AND
            Plaintiff,                      RECOMMENDATIONS
13
        v.                                  ORDER RECOMMENDING MATTER BE
14                                          DISMISSED FOR FAILURE TO
     HEATHER SHIRLEY, et al.,               PROSECUTE AND FOR FAILURE TO OBEY
15                                          A COURT ORDER
            Defendants.
16                                          PLAINTIFF'S OBJECTIONS DUE IN
                                            FOURTEEN DAYS
17

18

19          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

20   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

21   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22          For the reasons stated below, the undersigned will recommend that this matter be

23   dismissed for failure to prosecute this case and for failure to obey a court order.  Plaintiff will be

24   given fourteen days to file objections to this order.

25

26          I.      RELEVANT FACTS

27   _____

     [1]  Plaintiff's also goes by the name "Brittany Fordyce" (see ECF No. 21 at 1) and is a transgender
28   inmate (see ECF No. 1 at 3).

                                                   1

1    On November 14, 2024, Plaintiff's complaint was docketed in the Northern District of

2   California.  See ECF No. 1 at 1.  Thereafter, on January 23, 2025, the matter was transferred to

3   this District and to this Court.  See ECF No. 6.

4          A.  January 29, 2025, Screening Order Giving Plaintiff Opportunity to File

5              Amended Complaint

6    On January 29, 2025, Plaintiff's complaint was screened and the Court found that it failed

7   to state a claim upon which relief could be granted.  ECF No. 10 at 7.  As a result, Plaintiff was

8   given the opportunity to file an amended complaint.  Id.  Plaintiff was given thirty days to do so.

9   Id.

10    Thereafter, between January 31, 2025 and February 20, 2025, Plaintiff filed three motions

11   for the appointment of counsel (see ECF Nos. 12, 14, 16) as well as what the Court construed as a

12   motion for reconsideration of its denial of her motion for the appointment of counsel (see ECF

13   No. 18).  Each of these motions was denied.  See ECF Nos. 13, 15, 17, 19.

14          B.  March 10, 2025, Order Directing Plaintiff to Show Cause Why Matter Should

15              Not Be Dismissed or File Amended Complaint

16    On March 10, 2025, because Plaintiff had not filed an amended complaint, nor requested

17   an extension of time to do so, the Court issued an order directing Plaintiff to show cause why this

18   matter should not be dismissed for failure to obey a court order.  ECF No. 20 at 2.  As an

19   alternative to filing the showing of cause, Plaintiff was also given another opportunity to file an

20   amended complaint.  Id.  Plaintiff was then given thirty days to take either course of action.  Id.

21    To date, Plaintiff has not filed an amended complaint nor filed a request for an extension

22   of time to do so.

23   II.   APPLICABLE LAW

24          A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110

25    Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

26   to prosecute or she fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

27   also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

28   110.

1        B.  Malone Factors

2        The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

3   failure to comply with a court order.  It writes:

4

5        A district court must weigh five factors in determining whether to dismiss a case
         for failure to comply with a court order:  "(1) the public's interest in expeditious
6        resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
         prejudice to the defendants; (4) the public policy favoring disposition of cases on
7        their merits; and (5) the availability of less drastic sanctions."

8

9   Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

10  Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).  The same

11  factors are to be considered prior to dismissal for failure to prosecute.  See Ash v. Cvetkov, 739

12  F.2d 493, 496 (9th Cir. 1984).

13       III.   DISCUSSION

14       A.  Rule 41(b) and Local Rules 110 Support Dismissal of This Case

15       Plaintiff's failure to prosecute this case and move it forward by filing an amended

16  complaint warrants a dismissal of this case.  Plaintiff's failure to comply with the Court's order to

17  file a showing of cause within the thirty-day period given to Plaintiff warrants a dismissal of this

18  case as well. See Fed. R. Civ. P. 41(b) and Local Rule 110.

19       B.  Application of Malone Factors Supports the Dismissal of This Case

20           1.  Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

21       Plaintiff has been given sufficient time to file an amended complaint or file a showing of

22  cause.  Yet, Plaintiff has failed to do either.

23       The Eastern District Court has an unusually large caseload.[2]  "[T]he goal of fairly

24  _____

25  [2]  The Eastern District of California carries one of the largest and most heavily weighted
    caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of
26  California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far
    exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").
27  This problem is compounded by a shortage of jurists to review its pending matters.  See generally
    id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent
28  judgeships for Eastern District of California).

1   dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

2   the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San

3   Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

4   keeping this case on the Court's docket when Plaintiff has not attempted to file either an amended

5   complaint or a showing of cause is not a good use of the Court's already taxed resources.  Indeed,

6   keeping this matter on the Court's docket would stall a quicker disposition of this case.

7   Additionally, in fairness to the many other litigants who currently have cases before the Court, no

8   additional time should be spent on this matter.

9                              2.   Risk of Prejudice to Defendants

10      Furthermore, because viable Defendants have yet to be identified and served in this case,

11  no one has put time and effort into defending against it.  As a result, there will be no prejudice to

12  anyone other than Plaintiff if the matter is dismissed.  On the contrary, dismissal will benefit any

13  potentially viable Defendants because they will not have to defend themselves against Plaintiff's

14  complaint.

15                          3.   Availability of Less Drastic Sanctions; Favored Disposition of Cases on

16                               Merits

17      Finally, given that Plaintiff has had sufficient time either to file an amended complaint or

18  a showing of cause with the Court[3] since Plaintiff was directed to do one or the other, given that

19  Plaintiff has not done either during the period she was given, but instead filed multiple requests

20  for the appointment of counsel, it appears Plaintiff simply does not intend to do either.  Rather, it

21  appears that Plaintiff is choosing to abandon this case.  As a result, there is no less drastic option

22  than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot

23  be prosecuted without Plaintiff's participation, nor can it be disposed of on its merits.

24      IV.   CONCLUSION

25      For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule

26  110, and having considered the Malone factors, the undersigned recommends that this matter be

27

28  _____
    [3] In 2025, the period that a litigant appearing in propria person has to file a notice of change of
    address was reduced from sixty-three days to thirty days.  See Local Rule 183(b)

                                                    4

1    dismissed without prejudice for failure to prosecute.  Plaintiff will have fourteen days to file

2    objections to this order.

3        Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

4    District Judge to this matter.

5        IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

6    for failure to prosecute and for failure to obey a court order.  See Fed. R. Civ. P. 41(b) and Local

7    Rule 110.

8        These findings and recommendations are submitted to the United States District Judge

9    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10   after being served with these findings and recommendations, Plaintiff may file written objections

11   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

12   and Recommendations," and it shall not exceed fifteen pages.

13       The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

14   wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its

15   CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in

16   excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28

17   U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

18   objections within the specified time may result in the waiver of certain rights on appeal.  See

19   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

20   Cir. 1991).

21

22   IT IS SO ORDERED.

23     Dated:   **April 28, 2025**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

5